**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
ZAYN HUSAYN,                )
                                )
        Petitioner,      )
                                )
        v.               )   Civil Action No. 08-1360 (RWR)
                                )
ROBERT GATES,          )
                                )
        Respondent.      )
_____)

### MEMORANDUM ORDER

Guantánamo Bay detainee Zayn Husayn, also known as Abu Zubaydah, has petitioned for habeas corpus relief. Petitioner has moved for an order requiring the respondent to remove unauthorized redactions from petitioner's pleadings and court filings, and requiring the respondent to expedite the classification review process for documents Zubaydah has submitted to the Department of Justice Court Security Office for filing with the court. Specifically, Zubaydah objects to redactions regarding his description of the interrogation techniques inflicted upon him while he was in CIA custody, redactions of Zubaydah's personal knowledge of his experience within the CIA "Torture and Rendition Program," and redactions of statements made by Zubaydah's counsel based upon information that is found within the public domain. (Petr.'s Mem. in Supp. of Mot. for Relief from Improper Classification at 1.) Zubaydah

alleges that he cannot adequately respond to the respondent's factual return without declassifying that information because the classification hinders his ability to investigate facts and circumstances leading to Zubaydah's abduction, imprisonment, and torture. (Id. at 6.) Zubaydah, noting that he has not yet received notification of the completion of the classification review of his amended petition for a writ of Habeas Corpus, asks additionally for an order directing the government to promptly complete the classification review for outstanding documents. (Id. at 27.)

While Zubaydah's request to order the respondent to expedite the classification review process is well taken, Zubaydah has not alleged that his counsel has not been granted access to classified material, and Zubaydah does not identify any provision of the case management order that allows for petitioners to bring, essentially, a FOIA challenge in the midst of a habeas petition. Section I.F. of the Amended Case Management Order provides that the government must provide petitioner's counsel, not the public at large, with classified information unless the government moves for an exception to disclosure.

In addition, this motion may have become moot in part by subsequent disclosure of information that provides Zubaydah's counsel with a sufficient basis to challenge Zubaydah's detention. Shortly after Zubaydah filed his motion, the

respondent filed a public version of the factual return. Even more, the parties have not briefed or discussed whether the respondent could provide the petitioner with adequate substitute information, using a procedure analogous to the "adequate substitute" provisions of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. III, whereby the respondent could fashion and provide to Zubaydah a document containing an adequate substitute for the information Zubaydah's counsel seeks to use to investigate his claim. See Mohamed v. Gates, 624 F. Supp. 2d 40, 44 (D.D.C. 2009) (requiring the parties to confer and file a joint status report about the propriety of using the adequate substitute process to resolve a dispute about classified information); Khaled A.F. Al Odah v. United States, 559 F.3d 539, 547 (D.C. Cir. 2009) (stating that procedures under the CIPA "should also be available in habeas" proceedings). Accordingly, it is hereby

ORDERED that the petitioner's motion [192] for relief from improper classification be, and hereby is, GRANTED in part and DENIED without prejudice in part. The respondent shall file by April 8, 2011 a memorandum revealing when the classification review process for petitioner's amended petition for a writ of Habeas Corpus and any additional documents the petitioner has submitted for classification review will be complete. The remainder of the petitioner's motion is denied without prejudice.

SIGNED this 29th day of March, 2011.


                          _____/s/_____
                          RICHARD W. ROBERTS
                          United States District Judge